**ORIGINAL**

FOLGER LEVIN LLP
Lisa M. van Krieken (CSB No. 121808, lvankrieken@folgerlevin.com)
Genevieve Evarts (CSB No. 226874, gevarts@folgerlevin.com)
199 Fremont Street, 23rd Floor
San Francisco, CA 94105
Telephone: 415.625.1050
Facsimile: 415.625.1091

Attorneys for Defendant
Hyatt Corporation d/b/a Grand Hyatt San Francisco

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 11 3321

| | |
|---|---|
| MARY JANE PICAZO, | **CASE NO.** |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441(b) (Diversity of Citizenship)** |
| and | |
| GRAND HYATT HOTEL, AND DOES 1 THROUGH 5, INCLUSIVE, | [San Francisco County Superior Court Case No. CGC-11-511047] |
| Defendants. | Complaint Filed: May 18, 2011 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that Defendant Hyatt Corporation d/b/a Grand Hyatt San Francisco (erroneously named as "Grand Hyatt Hotel") (hereinafter "Defendant") hereby gives notice of removal of the above-captioned action from San Francisco Superior Court, Case No. CGC-11-511047, to the United States District Court, Northern District of California, and states:

1.     On or about May 18, 2011, a civil action was commenced in San Francisco Superior Court, State of California, by the filing of a Complaint entitled *Mary Jane Picazo v. Grand Hyatt Hotel and DOES 1 through 5, inclusive*, Case No. CGC-11-511047 ("the State Action") in the files of said court.

FOLGER LEVIN LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION;
CASE NO. _____

2.     The first purported date of service of process on any of the defendants in the State Action (and the date that Defendant first became aware of the State Action) was on June 9, 2011, when Plaintiff attempted to serve Defendant with a copy of the Summons and Complaint in the State Action by leaving a copy of the Summons and Complaint at the Grand Hyatt San Francisco. (Plaintiff did not properly serve Defendant or Defendant's registered agent for service of process.)

3.     Attached hereto as Exhibit A is a true and correct copy of the Summons and the Complaint and related documents from the State Action, which documents constitute all of the papers and pleadings purportedly served on Defendant in the State Action.

4.     Defendant is informed and believes that none of the DOE Defendants have been served with the Summons and Complaint.

5.     Attached hereto as Exhibit B is a true and correct copy of the Answer filed by Defendant in the State Action on July 6, 2011.

6.     This Court has original jurisdiction over the above-described civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, in that the action seeks actual and general damages, exemplary and punitive damages, cost of suit, prejudgment interest, and attorneys' fees in a disability discrimination/wrongful termination lawsuit. The action therefore is removed on the ground of diversity pursuant to 28 U.S.C. § 1441(b).

7.     Defendant is informed and believes that Plaintiff Mary Jane Picazo, at the time this action was filed, was and still is a citizen and resident of the State of California.

8.     At the time of the commencement of this action, Defendant Hyatt Corporation was, and still is, a corporation incorporated under the laws of the State of Delaware with its headquarters and principal place of business located in the State of Illinois.

9.     Written notice of the filing of this Notice of Removal is being served on Plaintiff's counsel on this date, July 7, 2011.

10.     A true and correct copy of this Notice of Removal is being filed this date, July 7, 2011, with the Clerk of the San Francisco Superior Court, State of California.

-2-

1    11.    In that this Notice of Removal is filed within 30 days of the purported service of

2    the Summons and Complaint on Defendant, removal of this action is timely. 28 U.S.C. §

3    1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct.

4    1322, 1329 (1999) (removal period runs from simultaneous service of summons and complaint).

5        WHEREFORE, Defendant hereby requests that the civil action now pending against it in

6    the San Francisco Superior Court, State of California, be removed to this Court as provided by

7    law.

8    Dated: July 7, 2011                                    FOLGER LEVIN LLP

9                                                           Lisa M. vru

10                                                          Lisa M. van Krieken
                                                            Attorneys for Defendant
11                                                          Hyatt Corporation d/b/a Grand Hyatt San Francisco

12                                            **CERTIFICATION**

13   I certify under Federal Rule of Civil Procedure, Rule 11, that the foregoing is true and correct to

14   the best of my knowledge.

15
     Dated: July 7, 2011                                    FOLGER LEVIN LLP
16
17                                                          Lisa M. vru

18                                                          Lisa M. van Krieken
                                                            Attorneys for Defendant
19                                                          Hyatt Corporation d/b/a Grand Hyatt San Francisco

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE BY MAIL

2

I, Beth Greivel, declare:

3

I am a resident of the United States and am employed in the City and County of

4

San Francisco, State of California; I am over the age of eighteen years and not a party to the

5

within action; my business address is 199 Fremont Street, 23rd Floor, San Francisco, California

6

94105.

7

On July 7, 2011, I deposited in the mail at San Francisco, California,

8
9

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441(b) (Diversity of Citizenship)**

10

and an unsigned copy of this declaration in a sealed envelope, with postage fully prepaid,

11

addressed to:

12
13
14

Richard M. Rogers, Esq.
Law Office of Richard M. Rogers
100 Bush Street, #1980
San Francisco, CA 94104

15
16

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

17

Executed on July 7, 2011, at San Francisco, California.

18
19
20

Beth Greivel

21

47980-5057/745685.1

22
23
24
25
26
27
28

FOLGER LEVIN LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION;
CASE NO. _____

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GRAND HYATT HOTEL, AND DOES 1 THROUGH 5, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARY JANE PICAZO

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN FRANCISCO SUPERIOR COURT<br>400 MCALLISTER STREET, SAN FRANCISCO, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC - 11 - 511047 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RICHARD M. ROGERS, #045843, 100 BUSH STREET, #1980, SF, CA 94104, 415/981-9788

| DATE:<br>*(Fecha)* MAY 18 2011 | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL: SUPERIOR COURT OF CALIFORNIA — COUNTY OF SAN FRANCISCO]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   GRAND HYATT HOTEL

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.

RICHARD M. ROGERS, #045843
LAW OFFICE OF RICHARD M. ROGERS
100 Bush Street, #1980
San Francisco, CA 94104
Telephone:     415/981-9788
Facsimile:     415/981-9798
Email:         RogersRMR@aol.com

Attorneys for Plaintiff
MARY JANE PICAZO

SUMMONS ISSUED

**FILED**
San Francisco County Superior Court

MAY 1 8 2011

CLERK OF THE COURT
BY: _____ Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| MARY JANE PICAZO, <br><br> Plaintiff, <br><br> v. <br><br> GRAND HYATT HOTEL, AND DOES 1 THROUGH 5, INCLUSIVE, <br><br> Defendants. | Case No.: **CGC-11-511047** <br><br> **COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Comes now Plaintiff, MARY JANE PICAZO, and alleges:

### FIRST CAUSE OF ACTION

1.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 5, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on such information and belief alleges, that each of the Defendants designated herein as a DOE is negligently or otherwise responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to the Plaintiffs as herein alleged.

//

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - DEMAND FOR JURY TRIAL

PICAZO/
COMPLAIN.DOC

1

2.     At all times herein mentioned, each of the Defendants was the servant, agent, co-conspirator and/or employee of each of the remaining Defendants and was acting within the scope and course of his agency and employment and/or pursuant to the conspiracy.

3.     Plaintiff began working for Defendant GRAND HYATT HOTEL (GHH) in or about September, 2006, as a Housekeeper.

4.     Plaintiff suffered an industrial injury to her spine on June 12, 2008, which resulted in substantial disability. Plaintiff had sufficiently recovered by March, 2010, to return to work.

5.     Plaintiff attempted to return to light duty earlier, but was unsuccessful because of harassment by Defendants' Human Resources Department, specifically Uli Ott.

6.     On August 13, 2010, Defendants terminated Plaintiff's employment because of her disability. Plaintiff was experiencing severe pain in her back on said date and requested permission to leave early. Defendant failed to reasonably accommodate Plaintiff's disability.

7.     Non-disabled employees were not terminated for leaving early.

8.     Defendant's said conduct violated Gov't Code section 12940(a), (m), and (n).

9.     As a direct result of Defendants' said conduct, Plaintiff has suffered loss of earnings and will continue to suffer such losses in future, all to her damage in a sum within the jurisdiction of this Court.

10.    As a further direct result of Defendants' said conduct, Plaintiff has suffered and will continue to suffer severe emotional distress to her general damage in an amount within the jurisdiction of this Court.

11.    Defendants' said conduct was outrageous, despicable, malicious, oppressive, fraudulent and beyond the bounds tolerated by a civilized community, by reason of which Plaintiff demands exemplary and punitive damages. Defendants, and each of them, intended to harm Plaintiff.

12.    Plaintiff timely exhausted her administrative remedies. She filed a complaint with the EEOC and DFEH on or about December 8, 2010. She has received a DFEH right-to-sue letter.

1    WHEREFORE, Plaintiff prays for:

2        1.   Injunctive relief requiring Defendants to refrain from further discriminatory acts

3    and remedying past discrimination;

4        2.   Actual damages in a sum to be ascertained at trial;

5        3.   General damages in an amount within the jurisdiction of this Court;

6        4.   Exemplary and punitive damages in an amount within the jurisdiction of this

7    Court;

8        5.   Costs of suit, prejudgment interest, reasonable attorney's fees; and

9        6.   Such further relief as the Court deems just and proper.

10                                              Respectfully submitted,

11   Dated:   5-12-11                          LAW OFFICE OF RICHARD M. ROGERS

12

13                                        By:  _____
                                               RICHARD M. ROGERS
14                                             Attorneys for Plaintiff

15                              **DEMAND FOR JURY TRIAL**

16   Plaintiff hereby demands trial by jury.

17

18                                              Respectfully submitted,

19   Dated:   5-12-11                          LAW OFFICE OF RICHARD M. ROGERS

20

21                                        By:  _____
                                               RICHARD M. ROGERS
22                                             Attorneys for Plaintiff

23

24

25

26

27

28

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES – DEMAND FOR JURY TRIAL

PICAZO/
COMPLAIN.DOC                                                                        3

CASE NUMBER: CGC-11-511047 MARY JANE PICAZO VS. GRAND HYATT HOTEL et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **OCT-21-2011**

**TIME:** **9:00AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

## Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

ADR-1  12/10 (rw)                          Page 1

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

ADR-1 12/10 (rw)                    Page 4

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org.** Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

*********************

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION**<br><br>**DEPARTMENT  610** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐  **Private Mediation**                    ☐  **Mediation Services of BASF**      ☐  **Judicial Mediation**
☐  **Binding arbitration**                                                                              Judge _____
☐  **Non-binding judicial arbitration**                                                      Judge _____
☐  **BASF Early Settlement Program**
☐  **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  05/10                         **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:            Dept.:        Div.:            Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐   days *(specify number):*
b.  ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐   The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a.   ☐ Insurance carrier, if any, for party filing this statement *(name):*
b.   Reservation of rights:   ☐ Yes   ☐ No
c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify):*
   Status:

**14. Related cases, consolidation, and coordination**
a.   ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 14a.
b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2009]    **CASE MANAGEMENT STATEMENT**    Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

   Party                          Description                                      Date

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| ► | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| ► | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

**CASE MANAGEMENT STATEMENT**



# Superior Court of California
## County of San Francisco



**HON. KATHERINE FEINSTEIN**
PRESIDING JUDGE

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Linda Colfax | The Honorable Tomar Mason |
| The Honorable Michael Begert | The Honorable James J. McBride |
| The Honorable Gail Dekreon | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Curtis Karnow | The Honorable Monica F. Wiley |
| The Honorable Charlene P. Kiesselbach | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | The Honorable Charlotte W. Woolard |

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2011 (ja)

# EXHIBIT B

**COPY**

1    FOLGER LEVIN LLP
     Lisa M. van Krieken (CSB No. 121808, lvankrieken@folgerlevin.com)
2    Genevieve Evarts (CSB No. 226874, gevarts@folgerlevin.com)
     199 Fremont Street, 23rd Floor
3    San Francisco, CA  94105
     Telephone: 415.625.1050
4    Facsimile: 415.625.1091

5    Attorneys for Defendant
     Hyatt Corporation d/b/a Grand Hyatt San Francisco
6

7

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 06 2011

CLERK OF THE COURT
BY: _____ WESLEY RAMIREZ
Deputy Clerk

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10                        UNLIMITED JURISDICTION

11   MARY JANE PICAZO,                      | CASE NO.  CGC-11-511047

12              Plaintiff,                  | **DEFENDANT HYATT CORPORATION'S**
                                            | **ANSWER TO PLAINTIFF'S UNVERIFIED**
13             and                          | **COMPLAINT FOR EQUITABLE RELIEF**
                                            | **AND DAMAGES**
14   GRAND HYATT HOTEL, AND DOES 1          |
     THROUGH 5, INCLUSIVE,                  | Complaint Filed:  May 18, 2011
15
              Defendants.
16

17

18          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant Hyatt

19   Corporation d/b/a Grand Hyatt San Francisco (hereinafter "Hyatt") (erroneously sued herein as

20   "Grand Hyatt Hotel") answers the unverified Complaint for Equitable Relief and Damages

21   (hereinafter "Complaint") of Plaintiff Mary Jane Picazo (hereinafter "Plaintiff"), on file herein,

22   for itself alone, as follows:

23                   **ANSWER TO FIRST CAUSE OF ACTION**

24          Hyatt generally denies each and every allegation contained in paragraphs 1 through 12,

25   inclusive, of Plaintiff's Complaint.

26

27

28

FOLGER LEVIN LLP
ATTORNEYS AT LAW

ANSWER; CASE NO. CGC-11-511047

1

**DAMAGES**

2      Hyatt further specifically denies that Plaintiff has suffered any injury or damages of any

3  kind attributable in any way to any act or omission on the part of Hyatt or any of its agents,

4  servants or employees.

5

**FIRST AFFIRMATIVE DEFENSE**

6      (Failure to State Facts Sufficient to Constitute a Cause of Action)

7      As a first and separate defense, and solely by way of an alternative defense, not to be

8  construed as an admission, Hyatt alleges that the Complaint fails to state facts sufficient to

9  constitute a cause of action against Hyatt.

10

**SECOND AFFIRMATIVE DEFENSE**

11      (No Basis for Compensatory and/or Emotional Distress Damages)

12      As a second and separate defense, and solely by way of an alternative defense, not to be

13  construed as an admission, Hyatt alleges that Plaintiff has failed to state facts sufficient to provide

14  a legal or factual basis to award compensatory damages or damages for emotional distress to

15  Plaintiff under the cause of action alleged in the Complaint.

16

**THIRD AFFIRMATIVE DEFENSE**

17      (Privilege/Justification)

18      As a third and separate defense, and solely by way of an alternative defense, not to be

19  construed as an admission, Hyatt alleges that its conduct toward Plaintiff, if any, was privileged

20  and/or justified.

21

**FOURTH AFFIRMATIVE DEFENSE**

22      (No Malice/Good Faith Belief)

23      As a fourth and separate defense, and solely by way of an alternative defense, not to be

24  construed as an admission, Hyatt alleges that at all times and places mentioned in the Complaint,

25  Hyatt acted reasonably, with due care, without malice and with a good faith belief in the propriety

26  of its conduct at all times material to the allegations in the Complaint.

27

**FIFTH AFFIRMATIVE DEFENSE**

28      (Barred by Workers' Compensation)

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-2-

ANSWER; CASE NO. CGC-11-511047

1   As a fifth and separate defense, and solely by way of an alternative defense, not to be

2   construed as an admission, Hyatt alleges that to the extent Plaintiff seeks recovery for alleged

3   pain, suffering, mental anguish and/or emotional distress or for alleged discrimination on the

4   basis of a workers' compensation injury, then, pursuant to California Labor Code Section 3601,

5   the exclusive remedy for such injuries and/or for any such alleged discrimination, if any, is

6   governed by the California Workers' Compensation Act, California Labor Code Sections 3200 *et*

7   *seq.,* and California Labor Code Section 132a.

8   ### SIXTH AFFIRMATIVE DEFENSE

9   (Waiver/Estoppel/Unclean Hands/Laches)

10   As a sixth and separate defense, and solely by way of an alternative defense, not to be

11   construed as an admission, Hyatt alleges that Plaintiff's recovery in this action is barred by the

12   doctrines of waiver, estoppel, unclean hands and/or laches based upon Plaintiff's own

13   misconduct, in that Plaintiff was terminated from her employment based on her own falsification

14   of her time records.

15   ### SEVENTH AFFIRMATIVE DEFENSE

16   (Failure to Mitigate)

17   As a seventh and separate defense, and solely by way of an alternative defense, not to be

18   construed as an admission, Hyatt alleges that Plaintiff's damages, if any, are barred to the extent

19   that Plaintiff has failed to mitigate damages, and that any recovery of damages, if any there be,

20   should be reduced in the amount by which Plaintiff should have mitigated those alleged damages.

21   ### EIGHTH AFFIRMATIVE DEFENSE

22   (No Basis for Attorneys' Fees)

23   As an eighth and separate defense, and solely by way of an alternative defense, not to be

24   construed as an admission, Hyatt alleges that Plaintiff has failed to state facts sufficient to provide

25   a legal or factual basis to award attorneys' fees or costs to Plaintiff.

26   ### NINTH AFFIRMATIVE DEFENSE

27   (Failure to Exhaust Administrative Remedies)

28   As a ninth and separate defense, and solely by way of an alternative defense, not to be

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-3-

ANSWER; CASE NO. CGC-11-511047

1   construed as an admission, Hyatt alleges that Plaintiff's causes of action, or parts therein, are

2   barred to the extent that Plaintiff failed to exhaust her administrative remedies and/or failed to

3   exhaust them in a timely manner.

4                              **TENTH AFFIRMATIVE DEFENSE**

5                                    (Statute of Limitations)

6          As a tenth and separate defense, and solely by way of an alternative defense, not to be

7   construed as an admission, Hyatt alleges that the cause of action alleged against it, or parts

8   therein, are barred by the applicable statute of limitations, including but not limited to California

9   Code of Civil Procedure Sections 335.1, 338 and 340.

10                            **ELEVENTH AFFIRMATIVE DEFENSE**

11                                 (Legitimate Business Reasons)

12         As an eleventh and separate defense, and solely by way of an alternative defense, not to be

13  construed as an admission, Hyatt alleges that it had legitimate business reasons, unrelated to any

14  classification protected under the Fair Employment & Housing Act, for the employment actions it

15  took with regard to Plaintiff.

16                             **TWELFTH AFFIRMATIVE DEFENSE**

17                                (No Basis for Punitive Damages)

18         As a twelfth and separate defense, and solely by way of an alternative defense, not to be

19  construed as an admission, Hyatt alleges that Plaintiff has failed to state facts sufficient to provide

20  a legal or factual basis to award punitive damages under the cause of action alleged in the

21  Complaint, and further alleges that excessive punitive damage awards violate the due process

22  clauses of the United States Constitution and California Constitution.

23                           **THIRTEENTH AFFIRMATIVE DEFENSE**

24                                    (Punitive Damages Bar)

25         As a thirteenth and separate defense, and solely by way of an alternative defense, not to be

26  construed as an admission, Hyatt alleges that any claim for punitive damages is barred by

27  California Civil Code Section 3294(b).

28

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

(No Injury or Loss to Plaintiff)

3      As a fourteenth and separate defense, and solely by way of an alternative defense, not to

4   be construed as an admission, Hyatt alleges that Plaintiff has not suffered any injury, damage,

5   loss or harm due to any actions by Hyatt.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

(Causation)

8      As a fifteenth and separate defense, and solely by way of an alternative defense, not to be

9   construed as an admission, Hyatt alleges that none of the injuries alleged in the Complaint were

10   proximately caused by any of the conduct of Hyatt as alleged in the Complaint.

11

## SIXTEENTH AFFIRMATIVE DEFENSE

12

(No Knowledge of Disability/Reasonable Accommodation)

13      As a sixteenth and separate defense, and solely by way of an alternative defense, not to be

14   construed as an admission, Hyatt alleges that it had no knowledge of any disability on the part of

15   Plaintiff, and that in any event, it reasonably accommodated Plaintiff's alleged disability, if such

16   disability existed under the law, to the extent required by law.

17

## SEVENTEENTH AFFIRMATIVE DEFENSE

18

(Avoidable Consequences)

19      As a seventeenth and separate defense, and solely by way of an alternative defense, not to

20   be construed as an admission, Hyatt alleges it exercised reasonable care to prevent and correct

21   promptly any workplace discrimination.  Plaintiff unreasonably failed to take advantage of those

22   preventative and corrective measures, and never complained of discrimination.  Reasonable use

23   of the preventative and corrective measures would have prevented at least some of the harm that

24   Plaintiff alleges.

25

## EIGHTEENTH AFFIRMATIVE DEFENSE

26

(Actions Not Unlawful)

27      As an eighteenth and separate defense, and solely by way of an alternative defense, not to

28   be construed as an admission, Hyatt alleges that its actions were not unlawful in that they

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-5-

1 | complied with all applicable statutes and regulations.

2 | **RESERVATION OF DEFENSES**

3 | Hyatt reserves the right to raise additional affirmative defenses as they become known

4 | during the course of litigation.

5 | WHEREFORE, Hyatt prays as follows:

6 | i.      For judgment in favor of Hyatt against Plaintiff, and that Plaintiff take nothing by

7 | her Complaint;

8 | ii.      That the Complaint herein be dismissed;

9 | iii.      That Hyatt be awarded its costs of suit incurred in the defense of this action;

10 | iv.      For reasonable attorneys' fees; and

11 | v.      For such other and further relief as this Court deems just and proper.

13 | Dated:    July 6, 2011            FOLGER LEVIN LLP

15 | Lisa M. van Krieken
Attorneys for Defendant
Hyatt Corporation d/b/a Grand Hyatt San Francisco

-6-

FOLGER LEVIN LLP
ATTORNEYS AT LAW

ANSWER; CASE NO. CGC-11-511047

1                           **PROOF OF SERVICE BY MAIL**

2                    I, Beth Greivel, declare:

3                    I am a resident of the United States and am employed in the City and County of

4      San Francisco, State of California; I am over the age of eighteen years and not a party to the

5      within action; my business address is 199 Fremont Street, 23rd Floor, San Francisco, California

6      94105.

7                    On July 6, 2011, I deposited in the mail at San Francisco, California,

8                    **DEFENDANT HYATT CORPORATION'S ANSWER TO**
                     **PLAINTIFF'S UNVERIFIED COMPLAINT FOR**
9                    **EQUITABLE RELIEF AND DAMAGES**

10     and an unsigned copy of this declaration in a sealed envelope, with postage fully prepaid,

11     addressed to:

12
       Richard M. Rogers, Esq.
13     Law Office of Richard M. Rogers
       100 Bush Street, #1980
14     San Francisco, CA 94104

15                   I declare under penalty of perjury under the laws of the State of California that the

16     foregoing is true and correct.

17                   Executed on July 6, 2011, at San Francisco, California.

18

19

20                                                              Beth Greivel

21     47980-5057/745761.1

22

23

24

25

26

27

28

OLGER LEVIN LLP                                    -7-
ATTORNEYS AT LAW

ANSWER; CASE NO. CGC-11-511047